| | |
|---|---|
| TONY BLACKMAN, CDCR #V-22349,<br><br>Plaintiff,<br><br>vs.<br><br>P. BRACAMONTE, C Yard Captain, et al.,<br><br>Defendants. | Case No.: 3:17-cv-00059-LAB-JLB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TONY BLACKMAN (Plaintiff), currently incarcerated at Richard J. Donovan Correctional Facility (RJD) in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1993 (ECF No. 1).

While far from clear, Plaintiff's Complaint alleges several RJD officials, including the Warden, have "refuse[d] to stop other prison employees from subjecting [him] to unjustified deprivation[s]." (*Id.* at 2.) Specifically, Plaintiff contends RJD inmate appeals officials have "wrongfully rejecte[ed]" his grievances, (*id.* at 5, 7), and have refused to

"double-cell" him, a "star witness … not under scientific nuclear power electronic surveillance watch 24/7," with white, black, or Mexican inmates "in his weight division," based on their "extreme fear of losing there [sic] power." (*Id.* at 6, 8, 10-13.) In other portions of his pleading, Plaintiff invokes "Ferguson," the "September 11, 2001 terrorist attack," the "Sandy Hook Elementary School shooting," and a "Folsom prison riot," claims he has been denied the right to "appeal" or "appear" in court to answer "criminal charges filed against [him] on 5-24-04 and 8-27-07 and 3-19-10 and 7-8-03," and attributes all of this to the "former San Joaquin County Deputy District Attorney using scientific nuclear power radio ultra[-]low frequency radio waves radiation pressure to stop [him] from writing good [sic]." (*Id.* at 11.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.  Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II. Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at

3

1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff's Complaint seeks to sue RJD officials as a group for failing to prevent "unjustified deprivations" which involve delusional claims of "tower control officers['] T.V. cameras," "electronic surveillance," "nuclear power," and "ultra-low frequency radio waves" which "control people [sic] conscious mind and impulse[s]." (ECF No. 1 at 2-11.) *See e.g.*, *In re Gonzalez*, 2008 WL 666465 at *2-3 (N.D. Cal. March 6, 2008) (finding prisoner with a "delusional tale" of having a "special genetic structure," and being "irradiated … by radioactive smoke" by "government scientists," did not plausibly allege "imminent danger of serious physical injury."); *Holz v. McFadden*, 2010 WL 3069745 at *3 (C.D. Cal. May 21, 2010) (finding "imminent danger" exception to § 1915(g) inapplicable where prisoner implausibly claimed the FBI and BOP were "going to kill him."); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced an "on going danger" as required by *Cervantes*).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Tony Blackman, identified as CDCR Inmate #V-22349, has had at least six prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Blackman v. Hartwell, et al.*, Civil Case No. 1:99-cv-05822-REC-HGB (E.D. Cal. Jan. 19, 2001) (Findings and Recommendations ["F&R"] re Dismissal of Action) (ECF No. 9 at 2) ("[T]he court recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief."); (E.D. Cal. March 12, 2001) (Order Adopting F&R "in full" and dismissing action "for failure to state a claim upon which relief can be granted.") (ECF No. 10 at 2) (strike one);

2) *Blackman v. Medina*, Civil Case No. 3:05-cv-05390-SI (N.D. Cal. March 13, 2006) (Order of Dismissal without leave to amend pursuant to 28 U.S.C. § 1915A) (ECF No. 5 at 5) ("[N]either the complaint nor the amended complaint state a claim upon which relief may be granted.") (strike two);

3) *Blackman v. Variz*, Civil Case No. 3:06-cv-06398-SI (N.D. Cal. Dec. 18, 2006) (Order of Dismissal per 28 U.S.C. § 1915A) (ECF No. 5 at 5) ("[N]either the complaint nor the amended complaint state a claim upon which relief may be granted.") (strike three);

4) *Blackman v. Taxdahl, et al.,* Civil Case No. 1:04-cv-06389-AWI-LJO (E.D. Cal. Feb. 27, 2007) (F&R to Dismiss Action without leave to amend for "fail[ure] to state a claim for relief under section 1983.") (ECF No. 8 at 5); (E.D. Cal. May 18, 2007) (Order Adopting F&R "in full" and "Dismissing Entire Action.") (ECF No. 9) (strike four);

///

5) *Blackman v. Mantel, et al.*, Civil Case No. 3:07-cv-02609-SI (N.D. Cal. Sept. 5, 2007) (Order of Dismissal per 28 U.S.C. § 1915A) (ECF No. 4 at 4) ("[T]his action is dismissed without leave to amend because the complaint fails to state a claim upon which relief may be granted.") (strike five); and

6) *Blackman v. Evans, et al.*, Civil Case No. 1:06-cv-00081-GSA (E.D. Cal. Feb. 3, 2009) (Order Dismissing Action, with prejudice, "based on plaintiff's failure to state any claims upon which relief may be granted under section 1983.") (ECF No. 18 at 2) (strike six).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548,

///

550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

    4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: June 14, 2017

HON. LARRY ALAN BURNS
United States District Judge